**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| OMAR HAZIM, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-1286 |
| | § | |
| SCHIEL & DENVER BOOK GROUP, *et al.*, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This is a breach of contract and copyright infringement case arising out of an alleged contract between a writer and three publishing companies for the self-publication of a book, "Islam in the Heartland of America." The author, Omar Hazim, sued Schiel & Denver Publishing Ltd., Schiel & Denver Book Publishers, and Schiel & Denver Book Group, asserting causes of action for copyright infringement, breach of contract, unfair trade practices, unfair competition, unjust enrichment, deceptive trade practices, and tortious interference with a contract. The complaint alleged that one of the defendants, Schiel & Denver Publishing Ltd., has its principal place of business in Texas, and that the remaining defendants have their principal places of business in the United Kingdom. Hazim previously moved for alternate service on the two foreign defendants and sought an order allowing service on them through certified mail at the Texas defendant's address. This court denied Hazim's motion on the ground that he did not show that he had made sufficient efforts to serve the foreign defendants in the United Kingdom.

Hazim now moves for default judgment against all of the defendants under Federal Rule of Civil Procedure 55. (Docket Entry No. 14).[1] Rule 55 provides a two-step process for entering default judgments. First, default is entered when a party shows "by affidavit or otherwise" that another party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." FED. R. CIV. P. 55(a). Second, after default is entered, a default judgment may be entered under Rule 55(b). Because default has not been entered in this case, this court construes Hazim's motion as requesting entry of default.

Before a motion for entry of default can be granted, the movant must show proper service. *See Sandoval v. Bluegrass Reg. Mental Health-Mental Retardation Bd.*, 2000 WL 1257040, at *5 (6th Cir. July 11, 2000) ("[T]here must be effective service of process on a defendant before an entry of default can be made."). "Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant pursuant to Rule 55(a) as requested by the plaintiffs." *Id.*; *see also SUA Ins. Co. v. Buras*, 421 F. App'x. 384, 385 (5th Cir. 2011) ("Valid service of process puts a defendant on notice that failure to file an answer to the complaint subjects him to the risk of a default judgment.").

Hazim contends that he has properly served the defendants. As evidence of service on the Texas defendant, Hazim attaches a copy of the summons; a proof-of-service form signed on May 31, 2012 by Sarita Williams, a private process server, declaring that service was effected through certified mail; and a United States Postal Service certified mail "green card" and "track and confirm" printout showing that a copy of the summons and complaint were signed for and received at the

---

[1] Hazim has also moved this court, under Federal Rule of Civil Procedure 4(f)(3), to authorize alternative service of the defendants, (Docket Entry No. 10). That motion is moot in light of Hazim's subsequent motion for default judgment and this order.

Texas defendant's address. The "green card" and proof-of-service form show that the summons and complaint were mailed to the attention of Bill Werner or Stephen Smith. (Docket Entry No. 14, Ex. A). Hazim also provides a screenshot of the defendants' webpage and a copy of the "author agreement" between Hazim and the defendants, both of which include the Texas defendant's address. (*Id.*, Exs. C, D).

Federal law provides for two types of service on corporations located in a judicial district of the United States. Under Federal Rule of Civil Procedure 4(e)(1) & (h)(1)(A), a competent person may serve a foreign or domestic corporation according to the law of the State in which the district court is located. Alternatively, under Rule 4(h)(1)(B), a corporation may be served by delivering a copy of the summons and complaint to an officer, managing or general agent, or any agent authorized by appointment or by law to receive service of process. Courts have held that Rule 4(h)(1)(B) refers to personal service and does not include service by mail. *See, e.g.*, *Technologists, Inc. v. MIR's Ltd.*, 725 F. Supp. 2d 120, 127 (D.D.C. 2010). Because Hazim contends that he effected service on the Texas defendant by mail, he presumably relies on Rules 4(e)(1) and (h)(1)(A), which incorporate state-law service rules.

Texas Rule of Civil Procedure 103 provides that a sheriff, constable, or other person authorized by law or by written order of the court, who is not less than 18 years of age and is not a party or interested in the outcome of the suit, may serve process. TEX. R. CIV. P. 103. Under Rule 106(a)(2), a person authorized by Rule 103 may serve a defendant through personal service or by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." TEX. R. CIV. P. 106(a)(2).

In Texas, service of process on corporations is governed by the Texas Business Organizations Code. The Code requires corporations to maintain a registered agent and office, and to notify the Texas Secretary of State of any change to either. TEX. BUS. ORGS. CODE §§ 5.201, 5.202. The Code provides that the Secretary of State becomes the agent for service of process of a corporation if the corporation fails to maintain a registered agent in Texas, or if its registered agent cannot be found with reasonable diligence at the registered office. TEX. BUS. ORGS. CODE § 5.251. The Secretary of State is also the agent for service of process if a foreign corporation does business in Texas without filing the required registration or if its registration has been revoked. *Id.*

Hazim has not stated whether the Texas defendant has a registered office and, if so, where that office is located. Hazim also has not stated whether the Texas defendant has a registered agent, who that registered agent is, and whether service was made on that agent. If the Texas defendant lacks a registered office or agent, Hazim has not provided evidence showing that service was effected on the Secretary of State. The record does not show that Hazim effected service on the Texas defendant.

Hazim also contends that he has properly served the foreign defendants. He attaches a certificate signed January 7, 2013, stating that, on September 12, 2012, service was effected on Schiel & Denver Publishing, Ltd. at its address in the United Kingdom. The certificate states that "[t]he documents were served by handing them to the Office Manager at the Company address provided." (Docket Entry No. 14, Ex. B). The certificate also refers to Articles 5, 6, and 12 of an unstated "Convention," which may be the Hague Service Convention. Accompanying the certificate are copies of copyright registrations for two books that appear to be unrelated to this lawsuit. (*Id.* at 2, 4). Hazim's counsel also previously filed a declaration and computer printout showing that,

4

on October 26, 2012, the complaint and summons were delivered via FedEx to the foreign defendants at their U.K. office.  (Docket Entry No. 12).

As this court stated in a previous order in this case, the Federal Rules of Civil Procedure distinguish between service of process of individuals within a judicial district of the United States and in a foreign country.  Because Schiel & Denver Book Publishers and Schiel & Denver Book Group reside abroad, Hazim must comply with Rule 4(f).  Under Rule 4(f)(1), a person who is not located within the United States may be served with process "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Rule 4(f)(2) specifies how foreign service of process may be effected when there is no international agreement or an international agreement allows but does not specify other means of service.  Rule 4(f)(2)(A) permits service "as prescribed by the foreign country's law for service in that country in an action it its courts of general jurisdiction," and Rule 4(f)(2)(C) permits a plaintiff to deliver "a copy of the summons and of the complaint to the individual personally" unless "prohibited by the foreign country's law."

The United States and the United Kingdom are both parties to the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (Hague Service Convention), [1969] 20 U.S.T. 361, T.I.A.S. No. 6638.  The Supreme Court has stated that "compliance with the Hague Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).  The primary form of service under the Hague Service Convention is service on a central authority designated by the government of the State in which the individual to be served is located.  *See* 20 U.S.T. 362, T.I.A.S.

6638, Arts. 2–7. The United Kingdom has designated as its Central Authority the Principal Secretary of State for Foreign Affairs. *See* Hague Service Convention, United Kingdom Declaration (a).

The Hague Service Convention also provides for other methods of service. Article 19 permits service of process through other means to the extent that they are allowed by the internal law of a contracting State. Article 15 also states that, when a defendant has not appeared, a court should not grant default judgment until the plaintiff has shown that a writ of summons "was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory" or "the document was actually delivered to the defendant or to his residence by another method provided for by this convention." *Id.*, Art. 15.[2]

The certificate that Hazim provided to the court is not sufficient to show that he has complied with the requirements of Federal Rule of Civil Procedure 4 and the Hague Service Convention. Hazim has not stated what method he used to serve the United Kingdom defendants or explained why that method is permissible under relevant American, British, and international law. Additionally, the certificate Hazim submitted references the Texas defendant, Schiel & Denver Publishing Ltd., at the address of the United Kingdom defendants. According to Hazim's complaint,

---

[2] Article 10(a) permits plaintiffs to "*send*" documents through postal channels if the destination state does not object. *Id.*, Art. 10(a)(emphasis added). However, in *Nuovo Pignone v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 2002), the Fifth Circuit held that Article 10(a) does not apply to service of process but does apply to the sending of other court documents after a party has been served with process. As a result, a plaintiff seeking to serve a defendant located in a foreign country through the mail must show that such service is allowed under that country's domestic laws. Even then, service by international mail must comply with Rule 4(f)(2)(C)(ii), which requires that service be sent by the clerk of the court, using a form of mail requiring a signed receipt, or with Rule 4(f)(3), which permits a court to authorize service through means not otherwise specified under Rule 4(f). *Brockmeyer v. May*, 383 F.3d 798, 808–09 (9th Cir. 2004).

the United Kingdom defendants are Schiel & Denver Book Publishers and Schiel & Denver Book Group.

Hazim's motion for default judgment, (Docket Entry No. 14), is denied. No later than July 26, 2013, Hazim must submit a motion for entry of default or for alternate service under Rule 4(f)(3), as appropriate, with an affidavit and supporting evidence showing that proper service has been effected. The present record is inadequate to conclude that such a showing has been made.

SIGNED on May 16, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge