IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OMAR HAZIM, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-1286 |
| | § | |
| SCHIEL & DENVER BOOK GROUP, *et al.*, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Omar Hazim, has moved for a default judgment against the defendants, Schiel & Denver Publishing Ltd., Schiel & Denver Book Publishers, and Schiel & Denver Book Group. (Docket Entry No. 23). According to the plaintiff, the first is located in Houston, Texas, and the second two are located in the United Kingdom. This action alleges that in 2010, a writer who lives and works in Kansas, Omar Hazim, entered into an online agreement to have his book, "Islam in the Heartland of America," self-published and copies shipped to him and to bookstores or others ordering it. The contract also included a program for bookstores that ordered the book and then returned unsold copies to the publisher's warehouse, offering the author the option of having them sent to him for possible resale or destroyed.

In this lawsuit, Hazim alleges that he ordered 250 books from Schiel & Denver and paid for them. He only received one book and promptly canceled payment on the remaining books. The defendants then cancelled the publishing contract with Hazim. He alleges that shortly thereafter, he published the book through another self-publishing internet service, Xlibiris. Hazim alleges that the delay in shipping the books caused him to miss three scheduled book-signing events, impacting

his ability to promote the book.  He also alleges that Schiel & Dever continued to print and publish the book without authorization or an accounting of royalties.  Hazim alleges copyright infringement and related state-law claims, and breach of contract.

Hazim filed several motions seeking entry of default against the defendants.  In May 2013, the court denied the motion because he had failed to show proper service.  In August 2013, the court granted the motion as to Schiel & Denver Book Group but denied the motion as to the other two defendants, because Hazim still failed to provide evidence of proper service on the Texas defendant, Schiel & Denver Publishing Ltd., or the other UK defendant, Schiel & Denver Book Publishers. Hazim moved for default judgment against all defendants in April 2014, (Docket Entry No. 22), after filing an affidavit showing the efforts made to effect service through the Secretary of State on the Texas defendant and the request for service abroad on the United Kingdom defendants.  (Docket Entry No. 20).

A key problem, however, is that Schiel & Denver Publishing Ltd., with an address in the United Kingdom, answered and sought dismissal on several grounds.  The grounds for dismissal include the following:

- Schiel & Denver Publishing Ltd., which the plaintiff identified as having a Houston, Texas address, is simply a "virtual office"—nothing more than an address—in Houston.  In fact, the company is located in the United Kingdom.

- Schiel & Denver Publishers is not a legal entity.  It is a division located in Bangalore, India.

- Schiel & Denver Book Group is not a legal entity.

- In 2011, Schiel & Denver Book Publishing won an arbitration against Hazim arising out of the same print-on-demand contract that is the basis of this suit.  The arbitration arose from Hazim's refusal to pay certain credit card charges for delivery of the 250 books at issue.  Schiel & Denver assert that the arbitration concluded with a finding that the 249 books had in fact been delivered and that the company was not liable.

>    Instead, Hazim had to pay as the losing party.

- Schiel & Denver terminated the contract with Hazim when they discovered that the manuscript contained text that encouraged "9/11 style attacks against the United States," in violation of the provisions prohibiting publication of "improper blasphemous, or . . . unlawful material . . . including material in breach of the British Official Secrets Act." Schiel & Denver assert that it removed the offensive passages before printing the manuscript, sent the printed books to Hazim, and then terminated the contract.

- Schiel & Denver's contract with Hazim gave the company, which is only a print-on-demand (POD) service, a nonexclusive right to print and distribute. The contract gave it the right to retain ownership of digital property production files, although Schiel & Denver asserts that it voluntarily destroyed its copies o Hazim's files in December 2010 after discovering "terrorist and hate material[s]."

- Schiel & Denver provided Hazim an accounting of all book sales (which were few), and the amount owing was less than $100. No sales have occurred since then.

- Schiel & Denver served Hazim and his counsel with the answer.

Although Hazim moved for default several times, he did not refer to the answer, or explain why the filing of the answer does not preclude entry of the default and default judgment Hazim seeks.

In addition, the court would note that the damages Hazim seeks in the motion for default judgment appear to lack support in the record Hazim submitted. He seeks $100,000 in actual damages. But his own declaration states only that he was charged $3,767.74 for the 250 book purchase that he alleges was 249 books short. The documents he submitted also show that that amount was credited back to his bank account by the credit-card company. There was no loss there.

Hazim asserts that the missed book signings resulted in an estimated loss of $25,000. The only support is a list of figures that appear to include Xlibris expenses and wages paid to himself. The figures do not reflect a $25,000 loss.

Hazim's declaration states that Schiel & Denver continued to sell the book after terminating

the contract without accounting for royalties, but there is no indication of any sales or the amounts. The declaration states that Hazim entered into a contract with Xlibris to have the book printed and distributed, and that the distribution was successful. The record shows no basis for damages for copyright infringement.

Hazim also seeks attorney's fees in the amount of $34,000. Hazim's attorney submitted an affidavit with a summary listing of dates, tasks done, and the amount of time spent. The attorney spent 58.3 hours on the case, yet little has been done other different attempts at service. Notably, the attorney states that she spent two hours on April 30, 2012 reviewing the answer to the complaint. Additionally, the affidavit duplicates one 4-hour entry titled "4/23/12 Filed Response to Complaint." The amounts of time for some of the entries is unexplained and unclear, such as 8 hours for filing the complaint and another 8 hours for filing a response to the complaint. The cost of another 76.75 hours in staff hours is also sought. Finally, the request for $50,000 in anticipated fees needed for collection outside of the country from the UK defendants is without factual or legal support.

The motion for entry of default and default judgment cannot be granted given the answer, which Hazim does not address, and the fact that the motion seeks damages and fees that the present record does not support. The motion, (Docket Entry No. 23), is denied. Hazim must file a response to the issues raised in the answer no later than **August 29, 2015.**

SIGNED on August 15, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge