IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OMAR HAZIM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-1286 |
| | § | |
| SCHIEL & DENVER PUBLISHING LTD., | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Omar Hazim, has moved for reconsideration of this court's order granting defendant Schiel & Denver Publishing Ltd.'s ("S&D Ltd.") motion to dismiss for lack of personal jurisdiction and denying Hazim's motion for summary judgment. (Docket Entry No. 31). In addition to his motion for reconsideration, Hazim also has moved to file an amended complaint, with the proposed complaint he seeks leave to file. (Docket Entry No. 32 at p. 6–7; Docket Entry No. 34). Based on a careful review of the motions, Hazim's briefs and submissions, the pleadings, the record, and the applicable law, the court denies the motion for reconsideration and the motion to amend the complaint. Because this Memorandum Opinion and Order resolves all the issues in this civil action, an order of dismissal is entered by separate order. The reasons are explained below.

**I.     Background**

The background is set out in detail in this court's July 28, 2015, Memorandum and Order, (Docket Entry No. 31), and is only summarized here. Hazim, a Kansas resident, contracted with S&D Ltd., a publication-on-demand company based in the United Kingdom. Hazim and S&D Ltd. entered into an author agreement on August 13, 2010, in which S&D Ltd. agreed to provide

1

"production, printing[,] and distribution" services for Hazim's book, "Islam in the Heartland of America." (Docket Entry No. 25, Ex. C at p. 1). In November 2010, Hazim ordered 250 copies of "Islam in the Heartland of America" from S&D Ltd. (Docket Entry No. 1 at p. 4). Hazim alleges that he received only one of the copies. (*Id.*). In December 2010, S&D Ltd. invoked the author agreement's termination clause because, in its view, Hazim's book contained "extreme Islamic terrorist and hate material." (Docket Entry No. 3 at 7). Hazim alleges that S&D Ltd. continued to "print, publish[,] and sell" his book without his authorization and without providing an accounting of sales and royalties. (Docket Entry No. 1 at 5).

On April 23, 2012, Hazim sued S&D Ltd. and two affiliate entities, Schiel & Denver Book Publishers ("S&D Book Publishers") and Schiel & Denver Book Group ("S&D Book Group"). The complaint asserted claims for breach of contract, copyright infringement, violation of the Trademark Act, unfair competition, violations of the Texas Deceptive Trade Practices Act, unjust enrichment, and tortious interference with a contract. (Docket Entry No. 1). S&D Ltd. answered seven days later, asserting that this court lacks personal jurisdiction over S&D Ltd. and that S&D Book Publishers and S&D Book Group are not legal entities capable of being sued. (Docket Entry No. 3). In July 2013, Hazim moved for entry of default as to all defendants. (Docket Entry No. 17). This court granted the motion as to S&D Book Group but denied the motion as to S&D Ltd. and S&D Book Publishers because Hazim had failed to show proper service of process on those defendants. (Docket Entry No. 19).

In April 2014, Hazim moved for default judgment against all defendants. (Docket Entry No. 23). The court denied the motion because Hazim had failed to address the arguments raised in S&D Ltd.'s answer, including that a Texas court lacked personal jurisdiction over S&D Ltd. and that S&D

Book Publishers and S&D Book Group are not legal entities that could be sued. (Docket Entry No. 24). Hazim filed a response addressing the personal-jurisdiction argument raised in S&D Ltd.'s answer but not responding to the arguments about the legal status of S&D Ltd.'s affiliate entities. (Docket Entry No. 25).

In February 2015, Hazim moved for summary judgment and entry of final judgment against S&D Ltd. (Docket Entry Nos. 28, 30). In its July 28, 2015, Memorandum and Order, (Docket Entry No. 31), this court denied that motion, granted S&D Ltd.'s motion to dismiss for lack of personal jurisdiction, and ordered Hazim to show cause why his claims against S&D Book Publishers should not be dismissed for failure to prosecute and failure to comply with the court's August 2014 order to address the legal status of S&D Ltd.'s affiliate entities. Hazim moves for reconsideration.

## II.     The Motion for Reconsideration

### A.     The Legal Standard for a Motion for Reconsideration

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (stating that "the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration"). A court retains the power to revise an interlocutory order before entering judgment adjudicating the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). A motion that asks the court to change an order or judgment is generally considered a motion to alter or amend under Rule 59(e). *T-M Vacuum Products, Inc. v. TAISC, Inc.*, No. 07-cv-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion "'must clearly

establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). A motion to reconsider may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised before the entry of the judgment or order. 11 WRIGHT, MILLER, AND KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 127–28 (footnotes omitted).

**B.     Analysis**

Hazim moves for reconsideration based on newly discovered evidence and clear legal error. These arguments are addressed in turn.[1]

**1.     The Argument Based on Newly Discovered Evidence**

Hazim seeks to introduce new evidence supporting his argument that this court has personal jurisdiction over S&D Ltd. Hazim alleges that S&D Ltd. "has a physical location in the state of Texas that operated as a business in the State of Texas" and that S&D Ltd. shipped products from—and received "communications, invoices, [and] payments" at—its Texas address. (Docket

---

[1] Hazim also asserts, without explanation or support, that the judgment against him will result in a manifest injustice. (Docket Entry No. 35 at p. 1). This argument lacks the legal and factual support necessary for the relief Hazim seeks.

Entry No. 32, at p. 9). Hazim has filed with his motion for reconsideration an invoice he received from S&D Ltd. when he purchased copies of his book. He has also resubmitted a shipment order that shows he received only one copy of his book. The invoice and the shipment order provide a return address for S&D in Houston, Texas. (Docket Entry No. 32, Ex. A). Hazim has filed an affidavit stating that his various interactions with S&D Ltd. led him to believe the company did business in Texas. (Docket Entry No. 32, Ex. F). Hazim states that these documents show that S&D Ltd. stored copies of his book in its Texas office and shipped copies from there. (Docket Entry No. 32, at p. 4). He also asserts that S&D Ltd. has an office in Humble, Texas, with at least one employee. Hazim submits a United States Postal Service Form 1583, which authorizes the delivery of S&D's mail to an agent at an address in Humble, Texas. (Docket Entry No. 32, Exs. G, H). Hazim argues that this document reveals "by implication" that S&D Ltd. employs "an agent . . . [who] warehouses [its] products in the state of Texas" and that S&D Ltd. maintains "an office in Humble, Texas, with at least one employee" with whom Hazim has "interfaced." (Docket Entry No. 32, at p. 4–5; Docket Entry No. 32, Ex. F). Hazim argues that this new evidence shows that S&D Ltd. is subject to both general and specific personal jurisdiction in Texas.

"A motion to reconsider based on an alleged discovery of new evidence should be granted only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010) (quotation marks omitted). Hazim has not shown why the new evidence he has filed with his motion for reconsideration "could not have been discovered earlier by proper diligence." *See id.*

The "newly discovered" evidence, moreover, does not support reconsideration. There is no general jurisdiction over S&D Ltd. in Texas. The new evidence does not show that S&D Ltd. has its "principal place of business" or is "essentially at home" in Texas. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760–61 (2014). Nor is there specific jurisdiction over S&D Ltd. in Texas. The new evidence does not show suit-related contact between S&D Ltd. and Texas. "[T]he underlying cause of action must arise out of the defendant's contacts with the forum state." *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 472 (5th Cir. 2006) (quotation marks omitted). The actions giving rise to Hazim's claims are alleged to have occurred in Kansas and the United Kingdom, not in Texas. The fact that one copy, rather than 250 copies, of the books were sent to Hazim in Kansas from S&D Ltd. in the United Kingdom with a layover in Texas does not show that S&D Ltd. performed or breached the contract in Texas or that it purposefully directed its actions toward Texas. As the Texas Supreme Court has explained:

> [T]he manufacturer must have intended to serve the Texas market. While use of a Texas distributor may satisfy this requirement, there may be situations in which it does not. A Texas distributorship may increase the manufacturer's bottom line because it is more efficient or has greater access to economies of scale, and not because it is intended to serve Texas consumers.

*Spir Star AG v. Kimich*, 310 S.W. 3d 868, 875 (Tex. 2010) (citations omitted). Even considering Hazim's newly submitted evidence does not lead to the result that S&D Ltd. engaged in Texas-based conduct giving rise to the claims he asserts, as necessary to subject it to personal jurisdiction in this state. *See Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 222 (5th Cir. 2012) (no specific personal jurisdiction when "all of [the defendant]'s acts giving rise to [the plaintiff]'s claims . . . took place in Germany, not in Texas"); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 217 (5th Cir. 2000) (no specific personal jurisdiction when the plaintiffs "have not asserted that

the alleged misdeeds [by the nonresident defendants] occurred in Texas, or that the [contract] was negotiated or executed in Texas" and when neither plaintiff was a Texas resident).

### 2. The Argument Based on Clear Legal Error

Hazim reasserts the arguments the court considered and rejected in its July 28, 2015 Memorandum and Order. A motion to reconsider may not be used to relitigate old matters. 11 WRIGHT, MILLER, AND KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 127–28.

Hazim raises one argument the court has not yet addressed: that he "served Schiel and Denver in the state of Texas" and that this is enough to show personal jurisdiction over S&D Ltd. and its affiliate entities. (Docket Entry No. 32 at p. 4, 10–11).

Hazim effected service through the Texas Secretary of State. (Docket Entry No. 20, Ex. 2). The Secretary of State becomes the agent for service of process of a corporation if it fails to maintain a registered agent in Texas, or if its registered agent cannot be found with reasonable diligence at the registered office. TEX. BUS. ORGS. CODE § 5.251. The Fifth Circuit has held that "the mere act" of registering a corporate agent in the forum state who is then served with process shows neither general jurisdiction in Texas nor "consent to be hauled into Texas courts on any dispute with any party anywhere concerning any matter." *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992) (quotation marks omitted). Hazim has not shown that S&D Ltd. has a registered corporate agent in Texas. And even if he had made that showing, effecting service in the forum State on a registered corporate agent is not enough to show personal jurisdiction over the nonresident corporation. *Id.* Hazim's argument does not support reconsideration.

### III. The Motion to Amend the Complaint

#### A. The Legal Standard for a Motion to Amend

7

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Id.* (internal quotation marks omitted). Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

### B.   Analysis

Hazim also has moved to amend his complaint to incorporate additional allegations based on the new evidence filed with his motion for reconsideration, (Docket Entry No. 32, at p. 6–7), and Hazim has filed an amended complaint, (Docket Entry No. 34). Hazim's amended complaint alleges that S&D Ltd. "operated a physical office in Houston, Texas"; that S&D Ltd.'s "employees resided in Texas"; and that "shipments were sent [by S&D Ltd.] from the State of Texas." (Docket Entry No. 34 at p. 2).

"In cases where a party seeks to amend her complaint after entry of judgment, [the Fifth Circuit has] consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (quotation marks omitted). Hazim filed his original complaint more than three years ago. (Docket Entry No. 1). This

court directed Hazim to address the issue of personal jurisdiction in an August 2014 order, which he did by filing a written response and supplemental exhibits. (Docket Entry Nos. 25, 26). Hazim has not "clearly established that he could not reasonably have raised" these new allegations prior to this court's ruling on his motion for summary judgment and S&D Ltd.'s motion to dismiss. *See id.*

## IV. Hazim's Response to the Court's Show-Cause Order

Hazim has not shown cause not to dismiss his claims against S&D Book Publishers. In his motion for reconsideration, Hazim concedes that both S&D Book Publishers and S&D Book Group are not legal entities, and the real party in interest is S&D Ltd. (Docket Entry No. 32, at 3).

## V. Conclusion

For these reasons, and for the reasons stated in the court's earlier rulings, (Docket Entry Nos. 24, 31), Hazim's motion for reconsideration, (Docket Entry No. 35), and Hazim's motion to amend the complaint, (Docket Entry No. 32), are denied. The claims against S&D Ltd., S&D Book Group, and S&D Book Publishers are dismissed.

SIGNED on September 8, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge